IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

EVELYN HERNANDEZ GARCIA

        Debtor(s)

CASE NO. 12-07135-BKT
CHAPTER 13

**OPPOSITION TO DEBTOR's "MOTION REQUESTING RECONSIDERATION OF DISMISSAL"**

**TO THE HONORABLE COURT:**

    **COMES NOW**, creditor DORAL BANK, and very respectfully, **ALLEGES**, **STATES** and **PRAYS**:

    1. The present case was filed on September 10, 2012.

    2. On January 10, 2013, the Court ordered debtor to cure the arrears with the chapter 13 trustee within fourteen (14) days. If debtor failed, the case will be dismissed, <u>see</u> Minutes on Confirmation, docket no. 33.

    3. On February 5, 2013, the Court entered an order dismissing the case for debtor's failure to comply with the order dated January 10, 2013. On February 8, 2013, debtor filed a "Motion requesting reconsideration of dismissal" (hereinafter "Reconsideration"). For the reasons that will be discussed below, appearing creditor opposes the reconsideration of the dismissal order.

    4. The Federal Rules of Bankruptcy Procedure does not provide for a motion for reconsideration of an order of dismissal. However, the federal courts have stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief

from judgment" under Rule 60(b). Which rule applies depends essentially on the time a motion is served. If a motion is served within ten[1] days of the rendition of judgment, the motion ordinarily will fall under rule 59(e); if not, the motion will be construed as a rule 60(b). In re Pabón Rodríguez, 233 B.R. 212 (Bankr. D.P.R. 1999); also see In re Falú García, 2006 WL 3898343 (Bank. D.P.R.).

5. Debtor's "Reconsideration" was filed three (3) days after the entry of the order of dismissal; thus, it falls under rule 59(e).

6. The First Circuit has held that, ordinarily, "**Rule 59(e)** motions are granted only where the movant shows a manifest error of law or newly discovered evidence." *Kansky v. Coca-Cola Bottling Co. of New Eng.,* 492 F.3d 54, 60 (1st Cir.2007); *see also Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 7 n. 2 (1st Cir.2005) ("The general rule in this circuit is that the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" (quoting *Pomerleau v. W. Springfield Pub. Schs.,* 362 F.3d 143, 146 n. 2 (1st Cir.2004))).

7. In her Reconsideration, debtor has failed to demonstrate any extraordinary circumstances that warrant the relief sought. Debtor has failed to allege any manifest error of law or has failed to demonstrate newly discovered evidence. Debtor enclosed evidence of some payments and the chapter 13 trustee has yet to response.

---

[1] Currently fourteen (14) days as per rule amendments effective since December 1, 2009.

8. In addition, Debtor is five (5) months in post petition arrears with her mortgage payments, both first mortgage and junior lien. Debtor owes a combined total of $2,007.70 concerning account no. 3744 and account no. 1872.

9. Debtor's post petition arrears, to both appearing creditor and the chapter 13 trustee, constitute a serious feasibility issue. At this moment, debtor has failed to demonstrate that the plan is feasible. "Debtor bears the burden of proving that a Chapter 13 plan is feasible." In re Lafata, 483 F 3d. 13 (1st Cir. 2007).

10. "To satisfy "feasibility" requirement, Chapter 13 plan must have reasonable likelihood of success." In re Fantasia, 211 B.R. 420 (BAP 1st Cir. 1997).

11. Debtor has failed to comply with the standard of review established by the applicable rules and law regarding the amendment or relief from this Honorable Court's order granting the dismissal of the case; thus, debtor's request should be denied.

**WHEREFORE**, for the reasons stated above, it is respectfully requested from this Court to DENY debtor's "Motion requesting reconsideration of dismissal".

**NOTICE**

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A

TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail. I further certify that the foregoing has been served to the non CM/ECF participants: debtor(s)—address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of March, 2013.

                FIDDLER, GONZALEZ & RODRIGUEZ, PSC
                Counsel for Doral Bank
                P.O. Box 363507
                San Juan, PR 00936-3507
                Tel. 787-759-3242
                Fax. 787-759-3108
                rgarcia@fgrlaw.com

                *S/ROSAMAR GARCÍA FONTÁN*
                ROSAMAR GARCIA FONTAN
                USDC-PR #221004